UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
UNITED STATES                                   :
                                                :   **ORDER DENYING REQUEST**
                                                :   **FOR MODIFICATION OF**
            -against-                           :   **RESTITUTION PAYMENT**
                                                :   **SCHEDULE**
PHILIP COLASUONNO                               :
                                                :   05 Cr. 1110 (AKH)
                        Defendant.              :   07 Cr. 555 (AKH)
                                                :
                                                :
                                                :
------------------------------------------------------------- x

ALVIN K. HELLERSTEIN, U.S.D.J.:

      On September 3, 2009, Defendant submitted a request for modification of his restitution payment schedule. Defendant's sentence included a restitution obligation of $781,467. At the sentencing hearing on July 19, 2007, I stayed entry of a payment schedule pending Defendant's cooperation with the IRS in determining his arrears and developing a payment schedule. Transcript of Sentencing at 92-93, United States v. Philip Colasuonno, No. 05 Cr. 1110 (S.D.N.Y. July 19, 2007). Subsequently, it became clear that Defendant failed to cooperate with the IRS in developing a schedule. See Philip Colasuonno v. United States, No. 08 Civ. 6549 (AKH), 2009 WL 2523886, at *2 (S.D.N.Y. August 18, 2009).

      At a hearing held on September 4, 2008, I directed the parties to develop a proposed payment schedule. Transcript of Hearing at 7, United States v. Philip Colasuonno, 05 Cr. 1110 (S.D.N.Y. Sept. 4, 2008). On December 10, 2008, the parties submitted letters to the court agreeing that restitution payments would be 15% of monthly gross income. The submissions also addressed the issue of whether Defendant's disability benefits were includable in gross income for purposes of the restitution payments. Defendant's submission related his family's financial assets, and argued that I may not, and should not, include disability payments in gross income. On December 12, 2008, I ordered that disability benefits are includable and determined that payments would be 15% of monthly gross income. United States v. Philip Colasuonno, No.

1

05 Cr. 1110 (AKH), 07 Cr. 555 (AKH) (S.D.N.Y. Dec. 12, 2008). That order was based on my consideration of Defendant's financial assets as 18 U.S.C. § 3664(f)(2) requires. Id. at *1.

On January 7, 2009, I held a hearing to address objections to my order. At that hearing, Defendant asked the court to reduce the payment schedule under § 3664(f)(2), arguing that it would impose an undue burden on his family. Transcript of Hearing at 18, 21-22, United States v. Philip Colasuonno, 05 Cr. 1110 (S.D.N.Y. Jan. 7, 2009). I ruled that the unsubstantiated assertions in Defendant's December 10, 2008, letter to the court were not sufficient proof, and rejected Defendant's argument. Id. Defendant submitted proofs on February 3, 2009, but because he had appealed my December 12, 2008 order, I lacked jurisdiction to consider the application. Defendant later withdrew that appeal.

Defendant now renews his request and styles it as one for both modification of the previously ordered restitution payment schedule pursuant to 18 U.S.C § 3664(k), and fresh consideration of financial assets in determining the payment schedule pursuant to 18 U.S.C. § 3664(f)(2). Defendant's proofs of his financial status are now more detailed but the substance remains much the same as that represented previously.

I deny Colasuonno's request for modification under § 3664(k). I considered his financial assets and needs in arriving at my order of December 12, 2008, and I do so again now for the same reasons as those I expressed at the time.

Under § 3664(k), the court may modify a restitution payment schedule upon notification "of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay." 18 U.S.C. § 3664(k); See also United States v. Bowles, No. 98 Cr. 1281 (DLC), 2003 WL 21396691, at *1 (S.D.N.Y. June 16, 2003) ("[I]f the defendant's economic circumstances change so that the defendant's ability to pay is impaired, the court may adjust the payments accordingly without discharging the defendant's obligation to pay full restitution."). The propriety of a modification under the statute "is identified by an objective

comparison of a defendant's financial condition before and after a sentence is imposed." United States v. Grant, 235 F.3d 95, 100 (2d Cir. 2000).

Defendant's affidavit shows only minor differences in financial status and alleged financial hardship resulting from other than his own choices and preferences. Defendant's December 10, 2008 letter related monthly family income of $14,939, and expenses of $17,263. Defendant's affidavit, submitted with his current request, relates monthly income of $15,307, and expenses of $17,337.31. See Colasuonno Aff. at ¶ 2. Colasuonno's negative income reflects choices that are at the expense of creditors whom he cheated and whom he owes restitution.

More than half of Defendant's income goes to expenses related to his home, which he has chosen not to sell. These monthly expenses total $8,164.37, including $4,428.18—growing to $5,9781.82 in October 2009—on his first mortgage, $592.36 on his second mortgage, $2,046 for real estate tax, $362.83 for insurance, $670 for utilities, and $65 for water. Id. at ¶ 5(A-F), Exhs. A-F. Defendant states that the downturn in real estate values makes his home worth less than his mortgage debt, $1,233,045. Even so, a sale of his home would substantially reduce his monthly expenses, produce a positive income flow, and enable him to begin discharging his restitution obligations.

Defendant's expenses also include a number of unnecessary luxuries. These include expenses totaling $1,343.34 in connection with his lease of two vehicles—a 2008 Acura TSX and a 2007 BMW 328xi. Id. ¶ 5(H), Exhs. G-H. Defendant is currently serving a sentence of 46 months of home confinement with little need to drive. Defendant also spends $320 on telephone service, including the use of three cellular telephones. Id. Ex. I. The use of one of these cellular phones accounted for $196.27 from September 26, 2008 through October 25, 2008. Id.

Defendant has two adult children living in his primary residence rent free, and he does not indicate whether they contribute to defray expenses. See Sept. 30, 2009, Letter from U.S. Attorney at 7-8; Oct. 2, 2009, Letter from Robert M. Baum, Esq. at 2-3. Defendant asserts that this is temporary but he gives no information of how an effort is being made to change the

3

situation. These grown children are no longer legal dependents and thus should not support reduction of his restitution payments. See United States v. Jaffe, 417 F.3d 259 (2d Cir. 2005) (holding that under 18 U.S.C. §3664, "a 'dependent' is someone that the defendant has a legal obligation to support").

My focus is not to order Defendant to sell his home or demand contribution from his children, but to note that he has failed to show a materially adverse change in his financial condition from that which existed when the restitution payment schedule was imposed substantially as he agreed to it. The expenses detailed above suggest that Defendant can free up income to put towards his restitution payments, See, e.g. United States v. Jaffe, 314 F. Supp. 2d 216, 226-27 (S.D.N.Y. 2004), aff'd 417 F.3d 259 (2d Cir., 2005), and he should.

Accordingly, for the reasons stated above, I deny Defendant's request for modification of his restitution payment schedule under §§ 3664(f)(2) and (k).

SO ORDERED.

Dated:   October __, 2009
         New York, New York

_____
ALVIN K. HELLERSTEIN
United States District Judge

4